E-SERVED
06/04/04
12:09 PM ET
Baycol MDL 1431

James C. Krause, Esq., SBN 66478
Patrick N. Keegan, Esq., SBN 167698
KRAUSE & KALFAYAN
1010 Second Avenue, Suite 1750
San Diego, CA 92101
TEL: (619) 232-0331
FAX: (619) 232-4019

James P. Frantz, Esq., SBN 87492
Sean M. Foldenauer, Esq., SBN 187541
FRANTZ, TOWNSEND & FOLDENAUER LLP
1168 Union Street, 4th Floor
San Diego, CA 92101-3812
TEL: (619) 233-5945
FAX: (619) 525-7672

Jeffrey E. Estes, Esq., SBN 89102
ESTES & ASSOCIATES
510 West Broadway, Suite 1700
San Diego, CA 92101
TEL: (619) 233-8201
FAX: (619) 233-3730

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 6
CENTRAL DIVISION

01 OCT 22 PM 4:31

STEPHEN THUNBERG
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVISION

| | |
|---|---|
| LOREN KOFSKY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER AG, a German Corporation; BAYER CORPORATION, an Indiana Corporation; and DOES 1 through 100, Inclusive;<br><br>Defendants. | Case No. GIC 776708<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

## TABLE OF CONTENTS

NATURE OF THE ACTION . . . . 1

JURISDICTION AND VENUE . . . . 1

PARTIES . . . . 2

CLASS ALLEGATIONS . . . . 3

FACTUAL ALLEGATIONS . . . . 5

FIRST CAUSE OF ACTION . . . . 6
Violation of California Civil Code §§ 1750 *et . seq.*

SECOND CAUSE OF ACTION . . . . 8
Violation of California Bus. & Prof. Code § 17200 *et . seq.*

THIRD CAUSE OF ACTION . . . . 10
Violation of California Bus. & Prof. Code § 17500 *et . seq.*

FOURTH CAUSE OF ACTION . . . . 12
Breach of Implied Warranty

FIFTH CAUSE OF ACTION . . . . 12
Fraudulent Concealment

SIXTH CAUSE OF ACTION . . . . 13
Medical Monitoring: Injunctive and Equitable Relief

PRAYER FOR RELIEF . . . . 14

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

Plaintiff Loren Kofsky, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his acts stated herein, and as to all other matters upon information and belief based upon, *inter alia*, the investigations made by his attorneys, as follows:

## NATURE OF THE ACTION

1. Plaintiff Loren Kofsky, individually, and on behalf of all others similarly situated, brings this action against Bayer AG and Bayer Corporation (hereinafter collectively referred to as "Defendants"), for claims relating to the manufacturing, marketing and sale of a prescription drug cerivastatin used to lower cholesterol which was marketed in the United States as "Baycol." On August 8, 2001, Defendants announced for the first time that persons taking Baycol could suffer "[r]habdomyolysis, [] a serious, potentially fatal, adverse effect" and further announced that "[e]ffective immediately", Defendants were withdrawal from the United States market and recommendation that all persons should stop taking Baycol.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action since the amount of controversy exceeds the applicable jurisdictional requirement of $25,000.00 exclusive of interest and costs as to the named plaintiff and each member of the plaintiff's proposed class because the named plaintiff seeks to recover damages for the refund of all purchase monies paid, on behalf of herself and members of the plaintiff's proposed class, as a result of their purchase and/or use of defective prescription drug Baycol. In additionally, plaintiff, on behalf of herself and members of the plaintiff's putative class, seeks damages and injunctive and other equitable relief including, the establishment of a medical monitoring fund. Although Plaintiff and each member of the putative class have suffered actual damages as a result of Defendants' unlawful conduct, no individual member of the class has suffered damages greater than or equal to $75,000.00 exclusive of interest and costs. Plaintiff expressly disclaims that he is seeking a classwide recovery for personal injuries attributable to the consumption of Baycol.

3. Venue is properly in this Court because the named plaintiff purchased and used Baycol manufactured by the Defendants within the County of San Diego of the State of California, and the plaintiff resides in the County of San Diego of the State of California. In addition, each of

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

the Defendants does business and sold a substantial amount of Baycol at issue in this litigation in the County of San Diego of the State of California. Moreover, by doing business in this judicial district of California, each of the Defendants received substantial compensation from the sales of Baycol in this judicial district, and each of the Defendants made misrepresentations and material omissions about its product which have had an adverse effect upon the health, emotional well-being, and finances of residents of the County of San Diego of the State of California.

## PARTIES

4. Plaintiff Loren Kofsky (hereinafter "Plaintiff") is an adult resident of the County of San Diego of the State of California. On or about January, 2000, Plaintiff was prescribed, first purchased from pharmacies located in the County of San Diego of the State of California, and thereafter began taking Baycol, a prescription drug manufactured, marketed and sold by Defendants.

5. Defendant Bayer AG is a corporation organized and existing under the law of the Federal Republic of Germany that maintains its principal place of business at 5090 Leverkusen, Bayerwerk, Federal Republic of Germany. Bayer AG is the parent company of Bayer Corporation, its subsidiary that sells and markets Baycol in the United States. In 1999, Bayer AG derived approximately 30% of its $30.6 billion of worldwide revenues from sales in the United States. Although Bayer AG's stock is listed principally on the German DAX, over 7.5 million American Depository Receipts are currently held in the United States. At all relevant times, Bayer AG manufactured, marketed and sold Baycol throughout the United States, including the State of California.

6. Bayer Corporation is a wholly-owned subsidiary of Bayer AG and an Indiana corporation with its headquarters located at 100 Bayer Road, Pittsburgh, PA. Bayer Corporation's Pharmaceutical Division maintains headquarters at 400 Morgan Lane, West Haven, CT. Including these offices, Bayer Corporation maintains approximately one hundred facilities in Pennsylvania, California, Connecticut, Indiana, Kansas, Massachusetts, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, West Virginia, and Wisconsin. Bayer Corporation had $8.9 billion in United States sales in 1999. At all relevant times, Bayer Corporation manufactured, marketed and sold Baycol throughout the United States, including the State of

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

California.

7. Plaintiff alleges on information and belief that at all relevant times that DOES 1-100, inclusive, were agents, employees, manufacturers, distributors, designers, engineers, retailers, sellers, franchisees, representatives, partners, and related or affiliated entities or providers of services to or on behalf of Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, or retention with the permission, consent, authority and ratification of Defendants. Plaintiff is presently unaware of the true names and identities of those defendants fictitiously sued herein as DOES 1-100. Any reference made to the named Defendants by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1-100, inclusive.

## CLASS ALLEGATIONS

8. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The plaintiff class which Plaintiff seeks to represent is composed of all persons in California and the United States of America who purchased and/or used the prescription drug Baycol for personal, family, or household purposes ("the Class") commencing from January 1, 1997 to August 8, 2001 (the "Class Period"). Excluded from the Class are all governmental entities, defendants, all subsidiaries and affiliates of defendants, and all individuals who are directors and officers of defendants. Plaintiff expressly disclaims that he is seeking a classwide recovery for personal injuries attributable to the consumption of Baycol.

9. The Class is composed of at least thousands of persons, the joinder of whom is impracticable. The disposition of their claims in a class action will benefit both the parties and the Court. Baycol is reported to have generated sales of approximately $572 million last year and was expected to generate sales of approximately $900 million this year for Defendants. Defendants have sold Baycol in California and the United States each year of the Class Period and thus the Class is sufficiently numerous to make joinder impracticable, if not completely impossible.

10. There is a well-defined community of interest in the questions of law and fact involving and affecting all members of the Class and common questions of law and fact predominate over questions which may affect only individual Class members. Among the questions of law and

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

fact common to the Class are as follows:

a. Whether the Defendants negligently manufactured, marketed, distributed and sold the dangerously defective prescription drug Baycol;

b. Whether the Defendants knew or had constructive knowledge of the undisclosed risk of injury from consumption of Baycol when used alone or in combination with gemfibrozil (Lopid);

c. Whether the Defendants failed to adequately warn of the serious and potentially fatal adverse effect of rhabdomyolysis associated with the consumption of Baycol, including chronic fatigue, severe muscle pain, kidney failure and death; and

d. Whether the Defendants' marketing materials, advertisements and labels of Baycol were misleading for failing to disclose the risk of injury and scope or severity of the side effects from taking Baycol.

11. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's claims and the claims of each member of the Class arise from the purchased and/or used the prescription drug Baycol during the Class Period and Plaintiff has expended sums for the purchase of Baycol during the Class Period. As a result, the evidence and the legal theories regarding Defendants' alleged wrongful conduct are identical for the named Plaintiff and each members of the Class.

12. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interests which are contrary to or in conflict with those of the Class he seeks to represent during the Class Period. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

13. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants in the State of California and throughout the United States and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

14. Proper and sufficient notice of this action may be provided to the Class members through notice published on the Internet, in nationwide television, radio, and print media outlets, and/or through dispensing pharmacies.

15. Moreover, the Class' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of his action as a class action, Defendants would retain the proceeds of their ill-gotten gains.

## FACTUAL ALLEGATIONS

16. On information and belief, Defendants began marketing and selling Baycol in January, 1997. Baycol is the brand name under which cerivastatin, a drug used to lower cholesterol, was manufactured and sold by Defendants in the United States.

17. Baycol is a member of a class of drugs that are commonly referred to as "statins." Statins block a specific enzyme in the body that is involved in the synthesis of cholesterol thereby lowering cholesterol levels.

18. Taking Baycol can cause a life-threatening condition called rhabdomyolysis, which is a deterioration in muscle tissue. The muscle cells are destroyed and then the contents of muscle cells are released into the bloodstream. Symptoms of rhabdomyolysis include, *inter alia*, chronic fatigue, severe muscle pain, and kidney failure. The severe muscle pain often occurs in the calves and lower back. Rhabdomyolysis can even result in death.

19. Defendants announced on August 8, 2001, that Baycol was being pulled from the market. Baycol has been linked to 52 deaths worldwide.

20. On August 8, 2001, Defendants released a letter to health-care professionals about Baycol which states, in pertinent part:

> Rhabdomyolysis is a serious, potentially fatal, adverse effect of all statin drugs, including Baycol. They can occur with statin monotherapy, although the risk appears to be increased significantly by concomitant use of gemfibrozil (Lopid).
>
> Our ongoing scrutiny of post marketing reports of rhabdomyolysis, including fatalities, has revealed an increased reporting rate of rhabdomyolysis with Baycol relative to other statins, especially when gemfibrozil is co-prescribed. These data

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

> also suggest an increased reporting rate of rhabdomyolysis at the 0.8 mg dose of Baycol alone.
>
> * * *
>
> **Effective immediately, Bayer has discontinued the marketing and distribution of all dosage strengths of Baycol. Patients who are currently taking Baycol should have their Baycol discontinued and be switched to an alternative therapy.**

(emphasis in original)

21. Plaintiff and the members of the Class purchased Baycol and, as a result, have sustained losses and damages including, *inter alia*, paying for a product which was unmerchantable, exposing Plaintiff and members of the Class to unnecessary health risks, including the risk of physical injury and death, the need for additional medical examination and monitoring, and depriving consumers of the benefit of the bargains struck when they purchased Baycol.

## FIRST CAUSE OF ACTION
### Violation of California Civil Code §§ 1750 *et. seq.*
### (Consumers Legal Remedies Act)
(Against All Defendants)

22. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further alleges as follows:

23. Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770, and provide the prescription drug Baycol, a "good" within the meaning of California Civil Code §§ 1761(a), 1761(b), and 1770.

24. As purchasers of the prescription drug Baycol, Plaintiff and the Class are "consumers" within the meaning of Civil Code §§ 1761(d), 1780, and 1781. Furthermore, each purchase of Baycol by Plaintiff and the Class constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1780.

25. As set forth herein, Defendants' acts, practices, representations, omissions, and course of conduct with respect to the promotion and sale of the prescription drug Baycol violates the Consumers Legal Remedies Act, Civil Code §1750, *et seq.*, in that: (a) Defendants represent that Baycol has sponsorship, approval, status, characteristic, uses, or benefits which they do not have in violation of Civil Code §1770(5); and (b) Defendants represent that Baycol has a particular standard or quality that they do not have in violation of Civil Code §1770(7).

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

26. Specifically, Defendants representations to Plaintiff and the Class were false, misleading and deceptive because:

a. were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of the prescription drug Baycol, when used singularly or in combination with other prescription drugs, and the comparative severity and duration of such adverse effects, as previously set forth herein and did not accurately reflect the symptoms, scope or severity of the side effects;

b. failed to disclose that Defendants failed to perform adequate testing that would have shown that the prescription drug Baycol, used individually or in combination with other prescription drugs, possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made; and

c. failed to disclose the risk of injury from the prescription drug Baycol, used individually or in combination with other prescription drugs, discovered by the Defendants after the initial marketing of the drug as particularized above.

27. Such practices constitute misrepresentations as to the characteristics of Baycol, calculated to induce, and in fact inducing, a false belief that use of Baycol will benefit Plaintiff to an extent which Defendants know will not be true. Specifically, Defendants representations caused Plaintiff and the Class to believe that (a) Baycol was a safe and effective prescription drug; and (b) the consumption of Baycol does not cause rhabdomyolysis.

28. As a result of Defendants' above described conduct and their purchases of Baycol, Plaintiff and the Class have suffered damages from the use or employment of a "method, act, or practice" made unlawful by California Civil Code § 1770. Accordingly, Plaintiff and the Class seek relief under California Civil Code § 1780(a).

29. Pursuant to the provision of California Civil Code § 1780(a)(2), Plaintiff seeks injunctive relief in the form of an order requiring Defendants to refund all purchase monies paid for the purchase of the dangerous prescription drug Baycol and/or disgorgement of profits from the sale of Baycol retained by Defendants. In addition, Plaintiff seeks injunctive relief in the form of an order requiring Defendants to post an appropriate form of notice where Baycol has been sold, informing consumers of the dangers of consumption of Baycol.

30. Plaintiff seeks recovery of attorneys' fees and costs of litigation pursuant to Civil Code § 1780(d).

///

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

**SECOND CAUSE OF ACTION**
**Violation of California Bus. & Prof. Code § 17200 *et. seq.***
**(Unfair Business Practices Statutes)**
(Against All Defendants)

31. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further allege as follows:

32. Section 17200 *et seq.* of the California Business & Professions Code prohibits acts of unfair competition, which includes any "unfair, deceptive, untrue or misleading advertising".

33. Defendants are the designers, manufacturers, distributors, advertisers, marketers, promoters and/or sellers of the prescription drug Baycol.

34. During the Class Period, Defendants disseminated advertisements, promotional materials and labeling of the prescription drug Baycol or in combined with other prescription drugs as set forth herein was misleading and had a tendency to deceive the consuming public because they:

a. were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of the prescription drug Baycol, when used singularly or in combination with other prescription drugs, and the comparative severity and duration of such adverse effects, as previously set forth herein and did not accurately reflect the symptoms, scope or severity of the side effects;

b. failed to disclose that Defendants failed to perform adequate testing that would have shown that the prescription drug Baycol, used individually or in combination with other prescription drugs, possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made; and

c. failed to disclose the risk of injury from the prescription drug Baycol, used individually or in combination with other prescription drugs, discovered by the Defendants after the initial marketing of the drug as particularized above.

35. Such advertisements, promotional materials and labeling used for the sale of the prescription drug Baycol which were made and/or approved and/or disseminated and/or caused to be disseminated to the general public, including Plaintiff and the Class, by the Defendants, did not provide sufficient warnings and instructions that would have put a consumer, including Plaintiff and the Class, acting reasonably in the same or similar circumstances, on notice of the dangers and adverse side affects from the use of Baycol.

36. As a result of such advertisements, promotional materials and labeling used for the sale of the prescription drug Baycol which were created and/or endorsed and/or approved by the

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

Defendants, the dangers and harms associated with Baycol manufactured and/or marketed and/or distributed and/or sold by Defendants were not known to, and would not have been recognized by, a reasonably prudent consumer or user, including Plaintiff and the Class herein, for whom the products were intended and such dangers and harms were not caused by an unavoidable unsafe aspect of the product.

37. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the Class and the general public. Specifically, Defendants have been unjustly enriched by the receipt of millions of dollars in fees, profits and other monies from the wrongful sales of Baycol, both in the State of California and throughout the United States, which were sold through advertisements which affirmatively misrepresented the true risks associated with the individual use of the prescription drug Baycol or in combination with other prescription drugs.

38. Pursuant to the Section 17203 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by the Defendants by means of such false advertising, plus interest and attorneys' fees pursuant to, *inter alia*, Section 1021.5 of the California Code of Civil Procedure, so as to restore any and all monies to Plaintiff and the Class and the general public which were acquired and obtained by means of such untrue and misleading advertising, and which ill-gotten gains are still retained by Defendants. Plaintiff and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by Defendants. Both Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

39. Pursuant to the Section 17203 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court requiring Defendants to equitable and/or injunctive relief in the form of medical monitoring, or equivalent remedial and corrective action, of all persons who have previously used the prescription drug Baycol, at Defendants' expense.

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

## THIRD CAUSE OF ACTION

**Violation of California Bus. & Prof. Code § 17500 *et. seq.***
**(Deceptive, False, and Misleading Advertising Statutes)**
(Against All Defendants)

40. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further allege as follows:

41. Section 17500 *et seq.* of the California Business & Professions Code prohibits the making or disseminating or causing to be disseminated before the general public in the State of California in any promotional materials and advertisements any statement regarding a product which is "untrue or misleading".

42. Defendants are the designers, manufacturers, distributors, advertisers, marketers, promoters and/or sellers of the prescription drug Baycol.

43. During the Class Period, Defendants disseminated advertisements, promotional materials and labeling of the prescription drug Baycol and/or the combined use of Baycol as set forth herein was misleading and had a tendency to deceive the consuming public because they:

a. were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of the prescription drug Baycol, when used singularly or in combination with other prescription drugs, and the comparative severity and duration of such adverse effects, as previously set forth herein and did not accurately reflect the symptoms, scope or severity of the side effects;

b. failed to disclose that Defendants failed to perform adequate testing that would have shown that the prescription drug Baycol, used individually or in combination with other prescription drugs, possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made; and

c. failed to disclose the risk of injury from the prescription drug Baycol, used individually or in combination with other prescription drugs, discovered by the Defendants after the initial marketing of the drug as particularized above.

44. Such promotional materials and advertisements used for the sale of the prescription drug Baycol which were made and/or approved and/or disseminated and/or caused to be disseminated to the general public in this state, including Plaintiff and the members of the Class who reside in California, by the Defendants, did not provide sufficient warnings and instructions that would have put a consumer, including Plaintiff and the members of the Class, acting reasonably in the same or similar circumstances, on notice of the dangers and adverse side affects from the use of

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

Baycol.

45. As a result of such promotional materials and advertisements used for the sale of the prescription drug Baycol were made and/or approved and/or disseminated and/or caused to be disseminated before the general public in this state, including Plaintiff and the members of the Class, by the Defendants, the dangers and harms associated with the prescription drug Baycol manufactured and/or supplied and/or sold by Defendants were not known to, and would not have been recognized by, reasonably prudent consumer or user, including Plaintiff and the members of the Class, for whom the products were intended and such dangers and harms were not caused by an unavoidable unsafe aspect of the prescription drug Baycol.

46. As a result of the above described conduct, Defendants made and/or disseminated and/or caused to be disseminated before the general public in this state various forms of marketing materials used to advertise, call attention to or give publicity to the individual use of the prescription drug Baycol or in combination, which they knew or were reckless in not knowing or reasonably should have known included false and deceptive representations as to the foreseeable risks (i.e. the symptoms, scope or severity of the side effects) associated with the design or formulation of Baycol.

47. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the members of the Class. Specifically, Defendants have been unjustly enriched by the receipt of millions of dollars in fees, profits and other monies from the wrongful sales of Baycol in the State of California which were sold through advertisements which affirmatively misrepresented the true risks associated with the use of the prescription drug Baycol or in combination with other prescription drugs.

48. Pursuant to the Section 17535 of the California Business & Professions Code, Plaintiff and the members of the Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the members of the Class full restitution of all monies wrongfully acquired by the Defendants by means of such false advertising, plus interest and attorneys' fees pursuant to, *inter alia*, Section 1021.5 of the California Code of Civil Procedure, so as to restore any and all monies to Plaintiff and the members of the Class which were acquired and obtained by means of such untrue and misleading advertising, and which ill-gotten gains are still

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

retained by Defendants. Plaintiff and the members of the Class additionally requests that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by Defendants. Both Plaintiff and the members of the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

49. Pursuant to the Section 17535 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court requiring Defendants to equitable and/or injunctive relief in the form of medical monitoring, or equivalent remedial and corrective action, of all persons who have previously used the prescription drug Baycol, at Defendants' expense.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Warranty**
(Against All Defendants)

50. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further allege as follows:

51. Defendants, in the manufacture, marketing and sale of the prescription drug Baycol impliedly warranted to Plaintiff and the members of the Class that said drug was fit for its ordinary purpose, that being to provide safe and effective treatment for high cholesterol.

52. Defendants, its agents and its employees knew or should have known that the prescription drug Baycol causes negative health effects and/or places persons at risk for negative health effects.

53. Defendants breached this warranty of merchantability by selling the prescription drug Baycol as being fit for its ordinary purpose when, in fact, it was not.

54. As a result of Defendants' breach, Plaintiff and the members of the Class have been damaged.

**FIFTH CAUSE OF ACTION**
**Fraudulent Concealment**
(Against All Defendants)

55. Plaintiff incorporates by reference to all preceding paragraphs as if fully set forth here and further allege as follows:

/ / /

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

56. Defendants had a duty to disclose to Plaintiff and the members of the Class the material facts known by them relating to the safety concerns of the prescription drug Baycol. This duty arose, in part, from Defendants' superior knowledge concerning, and active, wanton, and willful suppression of information regarding the actual safety of the prescription drug Baycol.

57. By intentionally concealing the material facts, Defendants intended to defraud Plaintiff and the members of the Class, i.e. to induce their purchase of the prescription drug Baycol. Plaintiff and the members of the Class were unaware of the concealed facts, and would not have acted as they did in purchasing the prescription drug Baycol, and would have purchased alternative drugs to lower cholesterol.

58. As a result of Defendants' acts of fraudulent concealment, Plaintiff and the members of the Class have been damaged.

**<u>SIXTH CAUSE OF ACTION</u>**
**Medical Monitoring: Injunctive and Equitable Relief**
(Against All Defendants)

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

60. As a direct and proximate result of Defendants' acts, Plaintiff and the members of the Class have been exposed to a hazardous substance and, as a result, suffer a significantly increased risk of contracting a serious injury or latent disease. This increased risk makes periodic diagnostic medical examinations reasonably necessary. Monitoring and testing procedures exist which make the early detection and treatment of which injuries or disease possible and beneficial.

61. The increased susceptibility to injuries and irreparable threat to the health of Plaintiff and the members of the Class resulting from their exposure to this hazardous substance can only be mitigated or addressed by the creation of a medical monitoring fund to provide for a medical monitoring program, including:

a. Notifying all persons who have used the prescription drug Baycol of the potential harm from using the prescription drug Baycol individually or in combination with other prescription drugs;

b. Funding further studies of the long term effects on Baycol users;

c. Funding research into possible cures for the detrimental effects of using the

E-SERVED 06/04/04 12:09 PM ET Baycol MDL 1431

prescription drug Baycol;

d. Gathering and forwarding to treating physicians information related to the diagnosis and treatment of injuries which may result from using the prescription drug Baycol; and

e. Aiding in the early diagnosis and treatment of resulting injuries through ongoing testing and monitoring of Baycol users.

62. Plaintiff and the members of the Class, as Baycol users, have no adequate remedy at law in the monetary damages alone do not compensate for the continuing nature of the harm to them, and a monitoring program which notifies them of possible injury and aids in their treatment can prevent the greater harms which may not occur immediately and which may be preventable if proper research is conducted and the healthy risks are diagnosed and treated before they occur or become worse.

63. Without a court-approved medical monitoring program, Plaintiff and the members of the Class, Baycol users, might not receive prompt medical care which could detect and prolong their productive lives, increase prospects for improvement and minimize disability.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for relief as follows:

1. That this action be certified as a class action on behalf of the Class, that Plaintiff be designated as the representative of the Class, and that Plaintiff's counsel be designated as Class Counsel;

2. Injunctive relief in the form of an order requiring Defendants to refund all purchase monies paid for the purchase of the dangerous prescription drug Baycol and/or disgorgement of profits from the sale of the prescription drug Baycol retained by Defendants;

3. Judgment in favor of Plaintiff and the Class in the amount of actual and compensatory damages for the purchase of the prescription drug Baycol;

4. Awarding Plaintiffs and the Class damages, costs and expenses in connection with any medical testing, monitoring, diagnosis or treatment related to the taking of the prescription drug Baycol;

5. Prejudgment and post judgment interest as provided by statute;

E-SERVED
06/04/04
12:09 PM ET
Baycol MDL 1431

6. Plaintiff's attorneys' fees, expenses, and costs of this action pursuant to statute; and

7. Such further relief as this Court deems necessary, just, and proper.

Dated: October 22, 2001

KRAUSE & KALFAYAN

Patrick N. Keegan, Esq.
Attorney for Plaintiff

Of Counsel:
Burton H. Finkelstein, Esq.
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30TH Street, N.W.
Washington, DC 20007
(202) 337-8000