E-SERVED
07/09/04
06:00 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In Re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates To:** | |
| Douglas Shaw v. Bayer Corp., et al. | MDL Case No. 02-0433 |
| Loren Kofsky v. Bayer Corp., et al. | MDL Case No. 02-0141 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR RELIEF FROM PARTS I(A) AND I(B) OF PTO 114**

In separate motions for relief from PTO 114, plaintiffs Douglas Shaw and Loren Kofsky argue that they should not be required to produce case-specific expert reports because they assert claims only for economic losses and not personal injuries. This Court should deny plaintiffs' motion and order them to comply with PTO 114 within 30 days.

Both plaintiffs have asserted claims under the California Business and Professions Code and for unjust enrichment. Plaintiff Kofsky also has asserted claims under the California Consumer Legal Remedies Act and for breach of implied warranty, fraudulent concealment and medical monitoring. The gist of both complaints is that plaintiffs would not have purchased Baycol had they know of its alleged dangers; therefore, they argue, defendants should be ordered to disgorge all monies obtained from sale of Baycol.

These allegations are similar to those this Court addressed in connection with the PSC's motion for certification of an economic loss class. Plaintiffs here contend, as did the PSC, that the entire focus in such claims is on defendants' conduct,

E-SERVED
07/09/04
06:00 PM ET
Baycol MDL 1431

so it is immaterial whether plaintiffs sustained any injury. However, this Court held otherwise in denying class certification, stating that, "[c]ontrary to Plaintiffs' argument, to succeed on either the unjust enrichment or breach of warranty claims, Plaintiffs would have to demonstrate that they were either injured by Baycol, or that Baycol did not provide them any health benefits." *In re Baycol Prods. Liab. Litig.*, 218 F.R.D. 197, 213-14 (D. Minn. 2003).

Here, too, the ability of plaintiffs to proceed on their warranty, unjust enrichment, and various fraud-based claims will depend on their ability to demonstrate injury or lack of health benefit related to Baycol. These issues can and should be addressed through a PTO 114 case-specific expert report.

Plaintiffs make much of the fact that state courts in California entertain claims under Section 17200 of the California Business and Professions Code without requiring proof of injury. But this argument should not relieve plaintiffs of their obligation to comply with PTO 114 for two reasons. First, plaintiffs have asserted other claims as to which this Court already has concluded proof of injury is relevant. Second, plaintiffs are required to establish an injury to pursue a Section 17200 claim in *federal court* because, without proof of injury, they lack standing. *Hangarter v. Provident Life & Acc. Ins. Co.*, No. 02-17423, 2004 U.S. App. LEXIS 12841, at *58 (9th Cir. June 25, 2004) ("a plaintiff whose cause of action under § 17204 is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing") (internal quotations and alterations omitted); *see also Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) (same); *Hamelin v. Allstate Ins. Co.*, CV 01-07954 FMC (AJWx), 2002 U.S. Dist. LEXIS 5093, at *5-8 (C.D. Cal. March 12, 2002)

E-SERVED 07/09/04 06:00 PM ET Baycol MDL 1431

(finding plaintiff lacked Article III standing to recover disgorgement, restitution or injunctive relief under section 17200 et seq.)[1]

For all of these reasons, this Court should deny plaintiffs' motions for relief from PTO 114.

Dated: July 9, 2004

Respectfully submitted,

/original signature on file/

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402
Phone: 612-340-2600

Philip S. Beck
Adam L. Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 3000
Chicago, IL 60610
Phone: 312-494-4400

Susan A. Weber
Eugene A. Schoon
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Phone: 312-853-7000

Tracy J. Van Steenburgh (#141173)
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402-4501
Phone: 612-338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
Phone: 215-994-4000

Thomas F. Munno
Debra D. O'Gorman
Lavinia H. Denniston
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Phone: 212-698-3500

*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

[1] Plaintiff Shaw's citation to *Oyster Software, Inc. v. Forms Processing, Inc.* is inapposite and misleading. *See* No. C-00-0724 JCS, 2001 WL 1736382 (N.D. Cal. Dec. 6, 2001). Within the context of trademark infringement, the court used a theory of unjust enrichment as an approach to award an accounting of profits. *See id.* at *9. In addition, the court found sufficient evidence of unjust enrichment in the defendant's expert report. *See id.*

E-SERVED
07/09/04
06:00 PM ET
Baycol MDL 1431

Gene C. Schaerr
Karen A. Popp
Paul J. Zidlicky
Rebecca K. Wood
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street N.W.
Washington, D.C. 20005
Phone: 202-736-8000

Richard K. Dandrea
ECKERT SEAMANS CHERIN & MELLOTT LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: 412-566-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000

*Counsel for Bayer Corporation and Bayer AG*