**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Joseph R. Elich v. Bayer Corp. et al.* | : | Case No. 02-0434 |
| *Loren Kofsky v. Bayer Corp. et al.* | : | Case No. 02-0141 |

# MEMORANDUM IN SUPPORT OF DEFENDANT BAYER CORPORATION'S MOTION FOR DISCOVERY SANCTIONS

On February 8, 2006, this Court entered Pretrial Order 149 ("PTO 149") establishing a schedule for case-specific discovery in cases pending in the Baycol MDL. Section I.C.1(f) of PTO 149 establishes that in Phase I cases (D. Minn. Nos. 01-2382 through 03-1173), the depositions of all of "Plaintiffs' case-specific experts shall be completed" by September 29, 2006.

Plaintiffs Elich and Kofsky have not produced for deposition their case-specific experts, Neil Levine M.D. (Elich) and Michael Maywood (Kofsky). Both plaintiffs are represented by the law firm of Frantz, Townsend & Foldenauer LLP. Bayer attempted to meet and confer on at least <u>seven</u> different occasions regarding dates for the deposition of these witnesses pursuant to PTO 149. Following these numerous attempts to meet and confer about available dates, Bayer noticed the witnesses' depositions three times -- initially for September 25 and 26, then for October 13, and finally for November 6. Plaintiffs did not produce their experts for depositions on any of these duly noticed dates.

Despite defendant's repeated efforts and in direct violation of PTO 149, plaintiffs have failed to produce either Dr. Levine or Dr. Maywood for their depositions. Pursuant to Federal Rule of Civil Procedure 37(b)(2), plaintiffs' blatant disregard of this Court's Order justifies dismissal of plaintiffs' claims and an award of costs and attorneys' fees to defendant.

## STATEMENT OF FACTS

PTO 149 unequivocally states that the depositions of all plaintiffs' case-specific expert witnesses in Phase I cases "shall be completed" by September 29, 2006. Bayer first noticed the depositions of plaintiffs' case-specific experts, Dr. Neil Levine and Dr. Michael Maywood, to take place on September 25 and September 26, respectively. *See* Exh. 1. Specifically, Bayer's counsel reminded plaintiffs of the deadline set in PTO 149 for case-specific expert depositions in Phase I cases. *See id.* On September 21, plaintiffs' counsel requested by email that the depositions be postponed one week to accommodate his vacation schedule. *See* Exh. 2. With the parties' agreement that these deposition would proceed after the September 29 deadline, Bayer's counsel agreed to the one week postponement and proposed several new dates in early October. *See id.*

By October 3, 2006, plaintiffs' counsel still had not responded to Bayer's efforts to meet and confer on a new mutually convenient date. *See* Exh. 3. Consequently, on October 4, 2006, Bayer's counsel served amended deposition notices for Dr. Levine and Dr. Maywood, setting the depositions for October 13, 2006. *See* Exh. 4. Despite several attempts by Bayer's counsel to confirm that the plaintiffs intended to present their experts for depositions on that day, plaintiffs' counsel never responded to any of Bayer's inquiries. *See* Exh. 5. Consequently, Bayer could not proceed with the depositions as scheduled, and informed plaintiffs' counsel that Bayer would move to dismiss plaintiffs' cases for failure to comply with PTO 149 unless, by October 17, 2006, plaintiffs provided dates certain for the expert depositions. *See* Exh. 5.

After the close of business on October 16, 2006, plaintiffs' counsel finally responded by email but still did not provide any dates for the depositions of the two experts. *See* Exh. 6. In a final effort to avoid Court intervention, Bayer proposed new deposition dates for the experts in early November, and subsequently noticed the depositions for November 6, 2006. Exh. 7. Although plaintiffs' counsel confirmed this date, on November 3, plaintiffs' counsel once again advised that they would not produce the witnesses for their scheduled depositions. Exh. 8.

Despite Bayer's repeated efforts to accommodate the plaintiffs, the fact remains that more than one month has passed since the Court-ordered deadline, and plaintiffs still have not produced their case-specific experts for depositions.[1]

**ARGUMENT**

Federal Rule of Civil Procedure 37 confers upon the Court broad discretion to impose sanctions, including dismissal, for failure of a party to comply with discovery orders. Rule 37(b)(2)(C) provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f) . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including an order] dismissing the action or proceeding or any part thereof ... .

Here, the sanction of dismissal is appropriate based upon plaintiffs' complete and willful disregard of this Court's Orders regarding case-specific expert depositions as stated in PTO 149. The Eighth Circuit has found that dismissal is an appropriate sanction where there is "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000).

**A. Plaintiffs Willfully Violated An Order Of The Court.**

PTO 149 required that the depositions of plaintiffs' case-specific expert witnesses be completed by September 29, 2006 for all Phase I cases. Plaintiffs were well aware of this deadline and willfully violated the Court's Order by failing to provide Bayer with any

---

[1] Drs. Maywood and Levine are the treating physicians of plaintiffs Elich and Kofsky. Because they were named as PTO 149 experts, however, Bayer did not take the doctors' depositions as treaters during the period of fact discovery. *Elich* and *Kofsky* are both economic loss class action cases and plaintiffs have maintained that they are not seeking to recover for any personal injuries that they may have suffered as a result of Baycol through these actions. *See* Exh. 6. As a result, Bayer offered to stipulate to that, and thereby obviate the need for Bayer to present an expert on whether plaintiffs had suffered damages associated with personal injuries. *See* Exhs. 2, 5, 6. The parties could not agree upon a stipulation, however, and those discussions are not proceeding. *See* Exhs. 6, 8.

opportunity to depose Dr. Levine and Dr. Maywood either by the PTO 149 deadline, or at any time in the ensuing six weeks.

Following plaintiffs' request for a short extension of time due to counsel's vacation, Bayer's counsel gave plaintiff repeated opportunities to present their experts for deposition. Plaintiffs ignored Bayer's requests for convenient dates to schedule the depositions. Most often, they simply did not respond to inquiries and, when they did, they did not provide any proposed dates for their PTO 149 experts. Finally, after Bayer noticed the depositions for the third time, plaintiffs notified Bayer one business day before the scheduled depositions that the doctors were not available.

Plaintiffs' repeated refusal to present their PTO 149 experts for deposition, a full six weeks after the deadline under this Court's order, is inexcusable and justifies dismissal of both actions with prejudice.

**B. Bayer Has Been Prejudiced By Plaintiffs' Failure to Produce Their Case-Specific Experts.**

Plaintiffs' failure to present Dr. Levine and Dr. Maywood for depositions substantially prejudices defendant's ability to examine these expert witnesses' opinions as discussed in their case-specific expert reports, and to challenge these opinions, if necessary. Bayer has made repeated attempts to schedule deposition dates for the two doctors, and have duly noticed their depositions three different times. Plaintiffs did not produce their case-specific witnesses on any of these occasions. Moreover, plaintiffs have ignored Bayer's notice that it would seek dismissal if plaintiffs failed to produce Dr. Levine and Dr. Maywood for depositions. Plaintiffs' deliberate failure to allow their case-specific experts to be deposed demonstrates both a lack of interest in the pursuit of their cases and a total disregard for this Court's orders, and justifies the dismissal of both cases with prejudice.

**CONCLUSION**

Because plaintiffs have willfully violated PTO 149 by failing to allow their case-specific experts to be deposed, Defendant Bayer Corporation respectfully requests that this Court

dismiss with prejudice the claims of Plaintiffs Joseph Elich and Loren Kofsky, and award attorneys' fees and costs to defendant.

Dated: November 9, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*