**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Joseph R. Elich v. Bayer AG, et al.* | : | Case No. 02-0434 |
| *Loren Kofsky v. Bayer AG, et al.* | : | Case No. 02-0141 |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BAYER CORPORATION'S MOTION FOR DISCOVERY SANCTIONS**

Plaintiffs admit that they have failed to produce their case-specific experts Neil Levine (in *Elich*) and Michael Maywood (in *Kofsky*) for deposition, in accordance with PTO 149. Although they characterize this failure as a mere "scheduling conflict," they do not deny that they asked for a postponement of, or failed to confirm, three separate deposition dates for each of these experts, stretching out for more than a month after the close of PTO 149 phase I expert discovery. Bayer was patient in trying to work out acceptable dates for the expert discovery in these two cases, but plaintiffs simply refused repeatedly to respond to multiple attempts to schedule plaintiffs' experts for deposition. Twice Bayer warned plaintiffs that it would file a motion to dismiss for failure to comply with PTO 149 if the experts were not produced for deposition by a date certain The first time, Bayer agreed to extend the deadline for an additional three weeks. When that time expired and plaintiffs yet again (just one business day before the depositions were scheduled to go forward) asked for a postponement because the

physicians were "busy … [and] not available," *see* Pl. Opp. at 7, Bayer's patience ran out and it filed its motion to dismiss.

Six days after Bayer filed its motion, plaintiffs provided "confirmation" of deposition dates for their two experts, for dates nearly three months after the close of phase I expert discovery. *See* Pl. Opp. at 7-8. Plaintiffs now characterize their belated response to Bayer's multiple requests for plaintiffs to present their experts for deposition as a "good cause" request for a "short postponement of two doctors' depositions." Plaintiffs' failure to provide their experts for deposition in accordance with PTO 149 justifies dismissal of both cases with prejudice.

## I. The Facts Demonstrate Plaintiffs' Willful Disregard Of The Court's Orders

Bayer properly noticed the depositions of Dr. Levine and Dr. Maywood on three separate occasions – first in late September, then (following plaintiffs' request for postponement) on October 13 and finally on November 6. (Although plaintiffs characterize these as "unilateral" notices, the notices were necessitated by plaintiffs' refusal to provide dates for their experts' depositions.) Each of the attempts to take the experts' depositions was thwarted either by plaintiffs' refusal to produce the experts on the duly noticed dates or by their refusal to confirm the depositions. In any case, plaintiffs were well aware that the Court had imposed a deadline of September 29, 2006 for the completion of case-specific experts' depositions. Although Bayer agreed to take the depositions after the deadline to accommodate plaintiffs' counsel's vacation schedule,

plaintiffs' continued refusal to present their PTO experts for depositions after the Court-ordered deadline is inexcusable and justifies dismissal of both actions with prejudice.

**A. The Initial Depositions In September Were Rescheduled To Accommodate Plaintiffs' Counsel's Vacation Schedule**

PTO 149 unequivocally states that the depositions of all plaintiffs' case-specific expert witnesses in Phase I cases "shall be completed" by September 29, 2006. In accordance with this Order, Bayer initially noticed the depositions of plaintiffs' case-specific experts, Dr. Neil Levine and Dr. Michael Maywood, for September 25 and 26, respectively.

Pursuant to PTO 149, Bayer noticed the depositions and offered to reschedule if the proposed dates were inconvenient. *See* Mot. Ex. 1. In this instance, the deposition notices for Dr. Levine and Dr. Maywood were served on September 14, 2006. Bayer did not hear from plaintiffs' counsel until September 21 when counsel requested that the depositions be postponed one week to accommodate his vacation schedule. Bayer agreed to this accommodation pursuant to the parties' agreement that the depositions would proceed shortly after the September 29 deadline.

**B. Plaintiffs Failed To Confirm The October 13 Depositions**

Based upon plaintiffs' counsel's representation that he needed a short, one-week postponement, Bayer proposed several new dates in early October. *See* Mot. Ex 2. However, after obtaining the extension he requested, plaintiffs' counsel then ignored all attempts to meet and confer on a new mutually convenient date. Consequently, on

October 4, 2006, Bayer served amended deposition notices for Dr. Levine and Dr. Maywood, setting the depositions for October 13, 2006. Bayer then repeatedly tried to confirm by letter and telephone that these depositions would go forward. *See* Mot. Ex. 5. Still unable to reach plaintiffs' counsel, on October 10, Bayer was forced to reschedule these depositions so as to incur travel and other expenses without confirmation that the plaintiffs would produce their experts on the selected date. *Id*. Bayer also explicitly advised counsel that if plaintiffs did not provide dates certain for depositions by October 17, then Bayer would file motions to dismiss in accordance with PTO 149. *Id*.

In their Oppositions, plaintiffs repeatedly state that Bayer rescheduled the October 13 depositions. What plaintiffs neglect to mention, however, is that these depositions were taken off calendar because *plaintiffs* refused to confirm whether they would present their experts on that date. As of October 10 – three weeks after requesting a one week delay to accommodate his vacation schedule – plaintiffs' counsel still had not responded to Bayer's multiple attempts to reschedule the depositions.

**C. Plaintiffs Canceled The November 6 Depositions**

Bayer warned plaintiffs' counsel that it would move to dismiss the cases for failure to comply with PTO 149 if, by October 17, the plaintiffs did not provide a date certain for presenting their experts for deposition. It was not until after the close of business on October 16 that plaintiffs finally responded and, even then, counsel did not offer any dates for the depositions of the two experts.

Rather than file a motion to dismiss at that time, Bayer decided to make a final attempt to confirm that plaintiffs would present their experts for deposition. Once again, Bayer proposed new dates and subsequently noticed the depositions for November 6, 2006. Despite having confirmed the depositions, plaintiffs once again – just one business day before the scheduled depositions – canceled the depositions and sought a postponement to an unspecified date.

Plaintiffs' only explanation for this cancellation was that the "busy" doctors were "not available" and that they *both* needed time to obtain their medical records from storage. *See* Opp. at 3. Given that it is plaintiffs' responsibility to present their experts for deposition, it is hard to understand why, *five weeks after* the close of expert discovery, plaintiffs could neither confirm the date nor ensure that their experts had the relevant records (all of which had been produced to both parties in 2002).

The facts demonstrate plaintiffs' lack of interest in prosecuting these cases and their total disregard for this Court's Orders. Plaintiffs have repeatedly refused to present their PTO 149 experts for depositions despite numerous opportunities. In fact, plaintiffs have simply ignored most of Bayer's attempts to schedule convenient dates, and even when they have responded, they refused to propose any dates certain. Bayer is entitled to these experts' deposition and plaintiffs' failure to comply with PTO 149 has prejudiced Bayer by preventing the examination of these experts' opinions as discussed in their case-specific expert reports. Additionally, Bayer has been unduly prejudiced in having to prepare to take these expert depositions only to have them canceled at the last minute. Under these circumstances, the Eighth Circuit has held that dismissal is an

appropriate sanction. *See Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (dismissal is an appropriate sanction where there is an order compelling discovery, a willful violation of that order, and prejudice to the other party).

## II. Plaintiffs' Attempts To Characterize Their Non-Compliance As A Mere Scheduling Conflict Is Disingenuous

In their Oppositions, plaintiffs attempt to gloss over the salient facts and portray themselves as having fully participated in the discovery process. For example, plaintiffs argue that they have "fully complied" with the pretrial orders and have taken the "laboring oar" of contacting their witnesses, obtaining dates for availability and depositions locations. *See* Opp. at 2. To support their argument, they refer to an email of July 14, 2006 in which plaintiffs' counsel stated that they would "contact each deponent and clear times and dates right away." Plaintiffs ignore, however, that their cited email does not pertain to expert discovery, but rather to third party witnesses whose deposition dates the plaintiffs' counsel sought to reschedule for his own convenience. *See* Ex. A. Whether plaintiffs' counsel contacted third parties to reschedule their depositions is not relevant to whether plaintiffs complied with the Order requiring them timely to present their experts for deposition.

Nor can plaintiffs reasonably argue that Bayer's Motion is a surprise. *See* Opp. at 4. Bayer advised plaintiffs on at least two occasions that it would file a motion to dismiss if plaintiffs did not comply with PTO 149. On October 10, 2006, Bayer informed plaintiffs' counsel by letter that it would file a motion to dismiss if plaintiffs did not provide dates certain for the depositions by October 17, 2006. *See* Mot. Ex. 5. On

November 3, 2006, Bayer once again warned plaintiffs by email of its intent to file a motion to dismiss both actions absent plaintiffs' compliance in producing their experts for deposition. *See* Mot. Ex. 8. Consequently, plaintiffs' feigned "surprise" in the Opposition is simply not warranted.

Finally, plaintiffs attempt to demonstrate their cooperation by referring to an email of November 15, 2006, in which plaintiffs' counsel proposed several dates in late November and in December. This proposal was too late, as it was made nearly a week after Bayer had filed its motion, and clearly was made to provide support for plaintiffs' Oppositions. In any case, the fact that plaintiffs' counsel have now finally proposed deposition dates for their PTO 149 experts cannot cure the fact that plaintiffs willfully disregarded the Court's Order for the past three months. Taking advantage of Bayer's agreement to accommodate counsel's vacation schedule, plaintiffs have now stretched out their request for a one week delay to nearly three months. This repeated failure to meet and confer on convenient dates and present their PTO 149 experts demonstrates a willful disregard of this Court's Order, which justifies dismissal of both actions with prejudice.

## **CONCLUSION**

Because plaintiffs have willfully violated PTO 149 by failing to allow their case-specific experts to be deposed, Defendant Bayer Corporation respectfully requests that this Court dismiss with prejudice the claims of Plaintiffs Joseph Elich and Loren Kofsky, and award attorneys' fees and costs to defendant.

Dated: December 18, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Reply Memorandum in Support of Defendant Bayer Corporation's Motion for Discovery Sanctions was electronically filed and served on December 18, 2006.

[signature]
______________________________