# Exhibit H

DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Food and Drug Administration
Rockville MD 20857

NDA 20-740/S-003

Bayer Corporation Pharmaceutical Division
Attention: Nancy C. Motola, Ph.D
Deputy Director, Regulatory Affairs
400 Morgan Lane
West Haven, CT 06516

JAN 4 1999

Dear Dr. Motola:

Please refer to your supplemental new drug application dated July 21, 1998, received July 22, 1998, submitted under section 505(b) of the Federal Food, Drug, and Cosmetic Act for Baycol (cerivastatin sodium tablets).

We acknowledge receipt of your submissions dated July 27, August 31, and September 28, 1998.

We note that this supplement was submitted as a 'Special Supplement - Changes Being Effected' under 21 CFR 314.70(c).

This supplemental new drug application provides labeling changes in draft form to the CLINICAL PHARMACOLOGY, INDICATIONS AND USAGE, WARNINGS, PRECAUTIONS, and ADVERSE REACTIONS sections of the Baycol package insert. These changes include:

**CLINICAL PHARMACOLOGY**

In the Pharmacokinetics: Metabolism sections "benzylic methyl ether" was changed to "pyridilic methyl ether".

**INDICATIONS AND USAGE**

In Table 2-NCEP Treatment Guidelines:
The last entry in the "Goal" column was corrected to "$\leq$ 100 ($\leq$2.6)".

**WARNINGS**

Under the Skeletal Muscle subsection, the wording of the first sentence has been changed to "Rare cases of rhabdomyolysis (some with acute renal failure secondary to myoglobinuria) have been reported with cerivastatin and other drugs in this class." The wording was changed

from "Rare cases of rhabdomyolysis with acute renal failure secondary to myoglobinuria have been reported with other HMG CoA reductase inhibitors."

**PRECAUTIONS**

The section titled "Other Concomitant Therapy" under the DRUG INTERACTIONS subsection has been deleted.

**ADVERSE REACTIONS**

Addition of the following section:
"Post-Marketing Adverse Event Reports: The following events have been reported since market introduction. While these events were temporally associated with the use of Baycol, a causal relationship to the use of Baycol cannot be readily determined due to the spontaneous nature of reporting of medical events, and the lack of controls: hepatitis, myositis, rhabdomyolysis, some with associated renal failure (most cases involved concomitant gemfibrozil), urticaria, angioedemia, visual disturbance, blurred vision."

We have completed the review of this supplemental application, as amended, and have concluded that adequate information has been presented to demonstrate that the drug product is safe and effective for use as recommended in the agreed upon labeling text. Accordingly, the supplemental application is approved effective on the date of this letter.

The final printed labeling (FPL) must be identical to the submitted draft labeling (package insert submitted September 28, 1998). Marketing the product with FPL that is not identical to the approved labeling text may render the product misbranded and an unapproved new drug.

Please submit 20 copies of the FPL as soon as it is available, in no case more than 30 days after it is printed. Please individually mount ten of the copies on heavy-weight paper or similar material. For administrative purposes, this submission should be designated "FPL for approved supplement NDA 20-740/S-003." Approval of this submission by FDA is not required before the labeling is used.

If a letter communicating important information about this drug product (i.e., a "Dear Health Care Practitioner" letter) is issued to physicians and others responsible for patient care, we request that you submit a copy of the letter to this NDA and a copy to the following address:

MEDWATCH, HF-2
FDA
5600 Fishers Lane
Rockville, MD 20857

We remind you that you must comply with the requirements for an approved NDA set forth under 21 CFR 314.80 and 314.81.

If you have any questions, contact Margaret Simoneau, R.Ph , Regulatory Management Officer, at (301) 827-6418.

Sincerely,

Solomon Sobel, M.D.
Director
Division of Metabolic and Endocrine Drug Products
Office of Drug Evaluation II
Center for Drug Evaluation and Research

# Exhibit I

DEPARTMENT OF HEALTH & HUMAN SERVICES

Food and Drug Administration
Rockville MD 20857

NDA 20-740/S-014

OCT 6 2000

Bayer Corporation
Attention: William E. Maguire
Director, Clinical Quality Compliance
400 Morgan Lane
West Haven, Connecticut 06516-4175

Dear Mr. Maguire:

Please refer to your supplemental new drug application dated August 23, 2000, received August 24, 2000, submitted under section 505(b) of the Federal Food, Drug, and Cosmetic Act for Baycol (cerivastatin sodium).

We acknowledge receipt of your submissions dated September 25 and October 16, 2000.

This supplemental new drug application provides for the addition of a Patient Package Insert to the labeling for this product.

We have completed the review of this supplemental application, as amended, and have concluded that adequate information has been presented to demonstrate that the drug product is safe and effective for use as recommended in the agreed upon labeling text. Accordingly, the supplemental application is approved effective on the date of this letter.

The final printed labeling (FPL) must be identical to the submitted draft labeling (patient package insert submitted October 16, 2000).

Please submit 20 paper copies of the FPL as soon as it is available, in no case more than 30 days after it is printed. Please individually mount ten of the copies on heavy-weight paper or similar material. Alternatively, you may submit the FPL electronically according to the guidance for industry titled *Providing Regulatory Submissions in Electronic Format - NDAs* (January 1999). For administrative purposes, this submission should be designated "FPL for approved supplement NDA 20-740/S-014." Approval of this submission by FDA is not required before the labeling is used.

If a letter communicating important information about this drug product (i.e., a "Dear Health Care Practitioner" letter) is issued to physicians and others responsible for patient care, we request that you submit a copy of the letter to this NDA and a copy to the following address:

MEDWATCH, HF-2
FDA
5600 Fishers Lane
Rockville, MD 20857

We remind you that you must comply with the requirements for an approved NDA set forth under 21 CFR 314.80 and 314.81.

If you have any questions, call William C. Koch, R.Ph., Regulatory Project Manager, at (301) 827-6412.

Sincerely,

David G. Orloff, M.D.
Director
Division of Metabolic
and Endocrine Drug Products
Office of Drug Evaluation II
Center for Drug Evaluation and Research

# Exhibit J

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| TERESA DE BOUSE, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER A.G., BAYER CORPORATION, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE PLC, MARCY GRIM, MICHAEL HARVEY DAVIDSON, M.D., and MICHAEL LEVER,<br><br>Defendants. | ) | Case No. 04-L-53 |

**DEFENDANT BAYER CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF TERESA DE BOUSE'S REQUESTS TO ADMIT FACTS**

COMES NOW Defendant Bayer Corporation (hereafter "Bayer"), and for its Objections and Responses to Plaintiff Teresa De Bouse's Requests to Admit Facts, states as follows:

1. The putative class members in the instant action are geographically dispersed throughout numerous counties within Illinois.

**ANSWER:** Objection. This Request seeks information that is more readily available to Plaintiff. As Plaintiff has refused to disclose to Bayer relevant information about the putative class members and as Bayer does not know the identity of all Illinois Baycol purchasers, Bayer is without knowledge or information sufficient to form a belief as to this Request and, therefore, denies the same.

2. Illinois purchasers of Baycol are geographically dispersed throughout numerous counties in Illinois.

**ANSWER:** Objection. This Request seeks information that is more readily available to Plaintiff. As Plaintiff has refused to disclose to Bayer relevant information about the putative class members and as Bayer does not know the identity of all Illinois Baycol

purchasers, Bayer is without knowledge or information sufficient to form a belief as to this Request and, therefore, denies the same.

3. You are aware of the number of Illinois purchasers of Baycol.

**ANSWER:** Objection. This request is vague and ambiguous. Without waiving said Objection, Bayer denies this request as stated. Bayer admits it has data in its possession regarding Baycol prescriptions written in its sales territories. Bayer denies that it is able to identify each purchaser or the number of individual purchasers of Baycol in Illinois.

4. You have possession, custody, or control of the names of each individual that purchased Baycol in Illinois.

**ANSWER:** Denied.

5. You have possession, custody, or control of information, data, or documentation concerning individuals that purchased Baycol in Illinois.

**ANSWER:** Objection. This request is vague and ambiguous. Without waiving said Objection, Bayer denies this request as stated. Bayer admits it has data in its possession regarding the number of Baycol prescriptions written in its sales territories. Bayer denies that it is able to identify each purchaser of Baycol in Illinois.

6. More than 5,000 separate individuals purchased Baycol in Illinois.

**ANSWER:** Objection. This Request seeks information that is more readily available to Plaintiff. As Plaintiff has refused to disclose to Bayer relevant information about the putative class members and as Bayer does not know the identity of Illinois Baycol purchasers, Bayer is without knowledge or information sufficient to form a belief as to this Request and, therefore, denies the same.

7. You have had contact with entities selling Baycol in Illinois.

**ANSWER:** Objection. This Request is vague, ambiguous and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

8. After Baycol was withdrawn from the market, you sent letters to Illinois purchasers of Baycol offering to reimburse them for unused portions of the drug.

**ANSWER:** Objection. This request is vague and ambiguous. Without waiving and subject to said Objection, Bayer admits that after Baycol was withdrawn from the market it sent letters to certain purchasers of Baycol offering to reimburse them for unused portions of the drug. Bayer denies that it sent such letters to all purchasers of Baycol in Illinois.

9. You have access to information concerning the identity of all individuals that purchased Baycol in Illinois.

**ANSWER:** Objection. This Request is vague and ambiguous as to the term "access." Without waiving and subject to said Objection, Bayer denies the Request.

10. The Illinois Consumer Fraud Act has been alleged to apply to the claims of all putative class members in the instant action.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, this Request is vague, confusing and ambiguous. Furthermore, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

11. All putative class members in the instant action are alleged to have been aggrieved by the same or similar conduct.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

12. The omissions, suppressions, and/or concealments alleged in the instant action are further alleged to have similarly affected all of the putative class members.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

13. Each putative class member is alleged to have purchased Baycol.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

14. Each putative class member is alleged to have resided in Illinois.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

15. The instant action does not allege personal injury.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

16. The instant action does not alleged emotional or physical injury.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

17. Manufacturers of pharmaceutical products have a special relationship with the purchasers of their products that requires full disclosure of any safety concerns associated with their products.

**ANSWER:** Objection. This Request is vague and ambiguous as to the phrase "special relationships." Further, said Request calls for a legal conclusion, speculation and conjecture.

18. The instant action alleges that the defendants omitted, suppressed, and/or concealed safety and efficacy information from all putative class members.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rule of Civil Procedure 216(a) in that it does not relate to a matter of fact, but relates to a conclusion of law. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

19. Some of the issues to be decided in the instant action have been decided in prior suits where you were a defendant.

**ANSWER:** Objection. This Request is vague and ambiguous. Additionally, said Request calls for a legal conclusion, speculation and conjecture as to what issues pertain to this case and what issues have been "decided" in prior suits.

20. You intended all direct and indirect communication made by you to users of Baycol to be relied upon by the users and purchasers of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Subject to, and without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising. Bayer admits that its prescribing information, sales aids, and marketing documents communicated adequate information to healthcare professionals regarding the safety and efficacy of Baycol upon which they could rely in prescribing the drug.

21. You initiated, disseminated, or sponsored, contact, correspondence, or communication about Baycol in Illinois.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising, but otherwise admits that its sales representatives had contacts and communications with healthcare professionals and distributed marketing materials in Illinois.

22. You communicated information about the safety and efficacy of Baycol to Illinois purchasers of Baycol with the intent that they rely upon the information communicated.

**ANSWER:** Objection. This Request is vague and ambiguous. Subject to, and without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising. Bayer admits that its prescribing information, sales aids, and marketing documents communicated adequate information to healthcare professionals regarding the safety and efficacy of Baycol, including adverse events, contraindications, warnings and admonitions concerning its use, upon which they could rely in prescribing the drug.

23. You communicated all safety and efficacy information about Baycol to Illinois purchasers of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Subject to, and without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising. Bayer admits that its prescribing information, sales aids, and marketing documents communicated adequate information to healthcare professionals regarding the safety and efficacy of Baycol, including adverse events, contraindications, warnings and admonitions concerning its use, upon which they could rely in prescribing the drug.

24. You did not disclose all of the information that concerned the safety of Baycol to Illinois purchasers of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Subject to, and without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising. Bayer further denies that its prescribing information, sales aids, and marketing documents failed to communicate adequate information to healthcare professionals regarding the safety and efficacy of Baycol, including adverse events, contraindications, warnings and admonitions concerning its use, upon which they could rely in prescribing the drug.

25. You did not disclose all of the information that concerned the efficacy of Baycol to Illinois purchasers of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Subject to, and without waiving said Objection, Bayer denies that it engaged in direct-to-consumer advertising. Bayer further denies that its prescribing information, sales aids, and marketing documents failed to communicate adequate information to healthcare professionals regarding the safety and efficacy of Baycol, including adverse events, contraindications, warnings and admonitions concerning its use, upon which they could rely in prescribing the drug.

26. Baycol was withdrawn from the United States Market due to safety concerns that were known by you before the actual withdrawal.

**ANSWER:** Bayer admits Baycol was withdrawn for the reasons set forth in its "Dear Healthcare Professional" letter of August 8, 2001, but denies the remainder of this Request.

27. You advertised Baycol directly to prospective consumers of Baycol.

**ANSWER:** Denied.

28. Bayer Corporation and Bayer Corporation, themselves, or by the use of its agents, and/or apparent agents, manufactured, created, designed, tested, labeled, sterilized, packaged, distributed, supplied, marketed, promoted, sold, advertised, warned, and/or distributed in the course of trade or commerce, the product known as Baycol (sic).

**ANSWER:** Objection. This Request is vague, confusing and ambiguous. Subject to and without waiving said Objection, Bayer admits that it obtained FDA approval for and tested, packaged, marketed, promoted, sold and distributed Baycol in the United States. Except as specifically admitted herein, Bayer denies the remainder of the Request.

29. You are in possession, custody, or control of information, data, documentations, analyses, or reports concerning the current fair market value of Baycol.

**ANSWER:** Objection. This Request is vague, confusing and ambiguous. Subject to and without waiving said Objection, Baycol admits that it has information related to the value of Baycol.

30. The fair market value of Baycol after being withdrawn in the United States market is/was less than the fair market value of Baycol before it was withdrawn from the United States market.

**ANSWER:** Objection. This Request is vague and ambiguous, seeks conclusions that will be the subject of expert opinion, not matters of fact and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; therefore, it is improper as beyond the scope of Illinois Rule of Civil Procedure 216.

31. You transacted business in the State of Illinois.

**ANSWER:** Objection. This Request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Further, said Request is vague, ambiguous and calls for speculation and a legal conclusion.

32. You owned, possessed, or used real estate situated in the State of Illinois in your effort to manufactured, created, designed, tested, labeled, sterilized, packaged, distributed, supplied, marketed, promoted, sold, advertised, warned, and/or distributed in the course of trade or commerce, the product known as Baycol (sic).

**ANSWER:** Objection. This Request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Further, said Request is vague, ambiguous and calls for speculation and a legal conclusion.

33. The instant action alleges that putative class members have been aggravated by the same or similar conduct.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rules of Civil Procedure 216(a) in that Plaintiff is requesting Bayer to admit an allegation stated in the Complaint as opposed to relevant facts. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

34. The claims of the individual class members in the instant action are based upon common application of a statute.

**ANSWER:** Objection. This Request is vague, ambiguous, and calls for a legal conclusion. Additionally, this Request is improper in that it is beyond the scope of Illinois Rules of Civil Procedure 216(a) in that Plaintiff is requesting Bayer to admit an allegation stated in the Complaint as opposed to relevant facts. Furthermore, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

35. The instant case consists of a putative Illinois class that shares a common question of law.

**ANSWER:** Objection. This Request is vague, ambiguous, and calls for a legal conclusion. Additionally, this Request is improper in that it is beyond the scope of Illinois Rules of Civil Procedure 216(a) in that Plaintiff is requesting Bayer to admit an allegation stated in the Complaint as opposed to relevant facts. Furthermore, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

36. You made or performed contracts or promises that concerned Baycol and the transaction of business in Illinois.

**ANSWER:** Objection. This Request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Further, said Request is vague, ambiguous and calls for speculation and a legal conclusion.

37. When the FDA approved Baycol, you knew that it was less effective at the approved dosages than other statin drugs already on the market.

**ANSWER:** Denied.

38. This case is predicated upon a series of essentially identical transactions.

**ANSWER:** Denied.

39. Teresa DeBouse is an adequate representative in the instant action.

**ANSWER:** Denied.

40. The named representative in the instant action has alleged the same damage by the same conduct and sought the same remedy as the putative class members.

**ANSWER:** Objection. This Request is improper in that it is beyond the scope of Illinois Rules of Civil Procedure 216(a) in that Plaintiff is requesting Bayer to admit an allegation stated in the Complaint as opposed to relevant facts. Additionally, the Complaint filed in this case is in writing and speaks for itself. Bayer's response to the allegations of the Complaint is, as required by the Rules, contained in its answer thereto.

41. The named representative has retained experienced counsel.

**ANSWER:** Bayer is without knowledge or information sufficient to form a belief as to this Request and, therefore, denies the same.

42. Given the high rate of adverse event reports associated with the use of Baycol, you knew that a significant percentage of the adverse effects patients had experienced were causally related to Baycol use because these same adverse experiences had occurred in earlier controlled studies.

**ANSWER:** Denied.

43. Studies, clinical data, investigations, and other sources of information known by you demonstrated the dangers Baycol posed to its users before you withdrew Baycol from the United States Market.

**ANSWER:** Objection. This Request is vague and ambiguous.

44. There is a medically conclusive link between Baycol and the side effects of rhabdomyolysis and/or myopathy.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

45. Prior to withdrawal from the United States market, you obtained statistical evidence, data, or information that rhabdomyolysis and/or myopathy may be caused, other than randomly, by use of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

46. Prior to withdrawal from the United States market, you viewed the adverse event reports of Baycol users as sufficiently serious and frequent to affect your future earnings.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

47. Prior to Baycol's withdrawal from the United States market, you had knowledge of, or facts from, or access to information that contradicted your public statements concerning the efficacy and/or safety of Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

48. Prior to Baycol's withdrawal from the United States market, some or all of your executives believed that there was a confluence of information about the adverse effects of Baycol was putting the Baycol brand at risk.

**ANSWER:** Objection. This Request is vague and ambiguous and seeks information relating to the internal thought processes of unnamed individuals, not matters of fact.

49. Prior to Baycol's withdrawal from the United States market, some of your management personnel communicated that they knew or believed that there existed data that was significant enough to threaten Baycol's market, earnings, and/or sales viability.

**ANSWER:** Objection. This Request is vague and ambiguous.

50. You had an accumulation of anomalous findings of Baycol's apparent safety concerns before withdrawing Baycol from the United States market.

**ANSWER:** Objection. This Request is vague and ambiguous.

51. As early as the summer of 1997, you or certain of your personnel, learned of adverse interactions between Baycol and several other drugs.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer admits that as set forth in the Baycol label interactions with other drugs was a risk to be evaluated by prescribing physicians.

52. In, or about, 1997, you received a letter from your marketing partner, SmithKline Beecham Corporation, that expressing and/or warning that simple and safe did not appear to be a viable promotional platform for Baycol.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

53. There is a causal relationship between Baycol and rhabdomyolysis.

**ANSWER:** Objection. This Request is vague and ambiguous. Without waiving said Objection, Bayer denies this Request.

54. You withheld information and/or data concerning Baycol from the Federal Drug Administration ("FDA").

**ANSWER:** Denied.

WILLIAMS VENKER & SANDERS LLC

By: Heather Langlois

Terry Lueckenhoff
Heather Langlois, #6257969
10 South Broadway, Ste. 1600
St. Louis, Missouri 63102
(314) 345-5000
(314) 345-5055 (facsimile)

Attorneys for Defendants Bayer AG,
Bayer Corporation, Marcy Grim and Michael Lever

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent first-class U.S. Mail, postage prepaid, on this 5th day of January, 2005 to:

John J. Driscoll
Brown & Crouppen, P.C.
720 Olive Street
Suite 1800
St. Louis, MO 63101
ATTORNEYS FOR PLAINTIFF

Christopher Cueto
Law Office of Christopher Cueto, PC
7110 West Main Street
Belleville, IL 62223
ATTORNEYS FOR PLAINTIFF

John E. Galvin
Fox Galvin, LLC
One Memorial Drive
Eighth Floor
St. Louis, MO 63102
ATTORNEYS FOR DEFENDANT
GLAXOSMITHKLINE

Heather Langton

# Exhibit K

MASTER FILE NO. 17-192700-02

| | | |
|---|---|---|
| | ) | IN THE DISTRICT COURT |
| | ) | |
| IN RE: TEXAS EIGHTH REGION | ) | TARRANT COUNTY, TEXAS |
| BAYCOL LITIGATION | ) | |
| | ) | 17TH JUDICIAL DISTRICT |

CAUSE NO. 17-191170-02

| | | |
|---|---|---|
| NADINE KINSON | ) | IN THE DISTRICT COURT |
| | ) | |
| vs | ) | TARRANT COUNTY, TEXAS |
| | ) | |
| PACIFICARE OF TEXAS, INC. | ) | |
| et al. | ) | 17TH JUDICIAL DISTRICT |

ORAL AND VIDEOTAPED DEPOSITION OF

CAROL CLARK

SEPTEMBER 10, 2002

Volume 2 of 2

Pages 304 - 677

CERTIFIED COPY

ORAL AND VIDEOTAPED DEPOSITION OF CAROL CLARK, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on SEPTEMBER 10, 2002, from 9:10 a.m. to 5:03 p.m., before Joseph D. Hendrick, Certified Shorthand Reporter No. 947 in and for the State of Texas, reported by machine shorthand, in the 17th Judicial District Courtroom, 8th Floor, Tarrant County Justice Center, 401 W. Belknap, Fort Worth, Texas, pursuant to the Texas Rules of Civil Procedure and Cross-Notices in Various Cases pending in Various Venues, including, but not limited to, cases referenced on the following page(s), and any provisions stated on the record or attached hereto.

Job No. 0200910JDH

VIDEOGRAPHER: Stand by.

Today is the 10th of September, 2002. It's 11 minutes after 9 o'clock and we are starting Tape Number 4 and we are back on the record

CAROL CLARK,

being previously sworn, testified as follows:

EXAMINATION (CONTINUED)

BY MR. ALLEN:

Q. Good morning.

**A. Good morning.**

Q. How are you this morning?

**A. Fine. Thanks.**

Q. Did you have a good night's sleep?

**A. Not bad.**

Q. I'm going to pick up where I left off yesterday and then we're going to start looking at documents. Okay?

**A. Mm-hmm.**

Q. Again, not that it mattered right there at all, you need to verbalize your answers.

**A. Yeah.**

Q. Okay. It was maybe my fault, I was a little confused possibly yesterday about what your role was, and I went back to my room and I pulled out what I was provided as your designation and I want to read it to

Q. Okay. So do commercials affect you at all?

**A. I'm sure they do.**

Q. Okay. Was there direct to consumer campaigns by Bayer on Baycol?

MR. MURRAY: Objection, form.

**A. Not to my knowledge, no.**

Q. (BY MR. ALLEN) Okay. But there were direct to consumer campaigns for Zocor and Lipitor and Pravachol, right?

**A. Yes, there were.**

Q. And you understood that the direct to consumer campaigns for the other statins were one of the reasons that the market was expected to grow, right?

**A. Yes, I would agree with that.**

Q. And Bayer was going to be a beneficiary, according to this document, hopefully, of the growing statin market, right?

**A. That's right.**

Q. Thank you.

Now, some objectives are listed. Baycol .4 milligram objectives. Number 1: "Enhance the efficacy perception of Baycol."

Do you see that?

**A. I do.**

# Exhibit L

E-SERVED 06/02/2003 10:14 PM EDT Baycol JCCP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/30/03 | DEPT. 307

HONORABLE WENDELL MORTIMER, JR. JUDGE | G. CAMPBELL DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

R. SANCHEZ, C.A. Deputy Sheriff | L. BICHE' Reporter

10:01 am JCCP4217

BAYCOL CASES

Coordination Proceeding Special Title (Rule 1550(b))

JCCP4223

Plaintiff Counsel: MARK ROBINSON (X)
STEVE SKIKOS (X)
ARTHUR SHERMAN (X)

Defendant Counsel: SIDLEY AUSTIN
BY: CATHERINE BARRAD (X)
AND: ANN TURK (X)
AND: B. SNATORELLI (X)

**NATURE OF PROCEEDINGS:**

1) MOTION OF DEFENDANT SMITHKLINE BEECHAM TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT;

2) MOTION OF DEFENDANT BAYER CORP. TO COMPEL PLAINTIFF FACT SHEETS AND AUTHORIZATIONS PURSUANT TO STIPULATION AND ORDER RE: PLAINTIFF FACT SHEETS, AUTHORIZATIONS AND PRODUCTION OF MEDICAL RECORDS;

3) FURTHER STATUS CONFERENCE/TRIAL SETTING CONFERENCE;

* * * * * * * * * * * * * * * * * * * * * * * * *

ADDITIONAL APPEARANCES:
GANCEDO & NIEVES
BY: TINA NIEVES (X)
AND: MELANIE SAVARESE (X)
AND: DONN CHRISTENSEN (X)
LIEFF CABRASER
BY: RICHARD FRANCO (X)
GIRARDI & KEESE
BY: BENJAMIN AMMERMAN (X)
LEWIS BRISBOIS
BY: SUREKHA PESSIS (X)
REED SMITH
BY: AMANDA MURRAY (X)
SEDGWICK DETERT
BY: WENDY TUCKER (X)
SCHMID & VOILES
BY: ROBERT FESSINGER (X)
RANDOLPH EVEN & ASSOCIATES
BY: DAVID ARKUSS (X)
WILLIAM LEVIN (X)
KERN & GONZALEZ
BY: SUE JUNN (X)
DRINKER BIDDLE REATH
BY: THOMAS MOORE (X)
AND: MARIO HORWITZ (X)
PHILIP BOURDETTE (X)
MIRIAM BOURDETTE (X)
SHOOK HARDY
BY: PAUL LA SCALA (X)
BONNE BRIDGES
BY: CANDIE CHANG (X)
DUMMIT FABER
BY: PEDRAM MANSOURI (x)
PRINDLE DECKER
BY: STEVE KLAUSEN (X)
BLUMENTHAL & MARKHAM
BY: KYLE NORDREHAUG (X)
REBACK MCANDREWS



MINUTES ENTERED
05/30/03
COUNTY CLERK

E-SERVED 06/02/2003 10:14 PM EDT Baycol JCCP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/30/03 | DEPT. 307 |
| HONORABLE WENDELL MORTIMER, JR. JUDGE | G. CAMPBELL DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A. Deputy Sheriff | L. BICHE' Reporter |

| | | |
|---|---|---|
| 10:01 am | JCCP4217<br><br>BAYCOL CASES<br><br>Coordination Proceeding Special Title (Rule 1550(b))<br><br>JCCP4223 | Plaintiff Counsel: MARK ROBINSON (X)<br>STEVE SKIKOS (X)<br>ARTHUR SHERMAN (X)<br><br>Defendant Counsel: SIDLEY AUSTIN<br>BY: CATHERINE BARRAD (X)<br>AND: ANN TURK (X)<br>AND: B. SNATORELLI (X) |

**NATURE OF PROCEEDINGS:**

LA FOLLETTE JOHNSON
BY: PETER THEOPHILOS (X)
DAVIS GRASS
BY: STEVEN GOLDSTEIN (X)
DI CARO COPPO
BY: MICHAEL POPCKE (X)
BY: CARRIE RUELBACH (X)
KELLER PRICE MOORHEAD
BY: J.P. MOORHEAD (X)
TUVERSON & HILLYARD
BY: MARISA TERRILL (X)

APPEARANCES VIA COURTCALL:

COTCHETT PITRE
BY: CHRISTINE SCHENONE (X)
DUNN ROGASKI
BY: LINDA SCHAAP (X)
LONAHAN & REILLEY
BY: JEREMY FIETZ (X)
NEIL DYMOTT
BY: TRACEY MOSS (X)
HINSHAW DREA
BY: LORIE KRUSE (X)
MIDDLEBROCK KAISER
BY: JOHN DORIGAN (X)
L.A. COUNTY COUNSEL
BY: GREGORY HARVEY (X)
RIGGIO MORDAUNT
BY: TANIA COLDERBANK (X)
KATHRYN CONNELLY (X)
DRYDEN MARGOLES
BY: SUSAN FOE (X)
FLEER DAUGHERTY
BY: AMY TINETTI (X)
GILLIN JACOBSON
BY: LUKE ELLIS (X)
BOOMAZIAN JENSEN
BY: JOANNA MAINO (X)
KELLEY HERLIHY
BY: J. SCHREIBSTEIN (X)
O'DONNELL & SMITH
BY: JAMES O'DONNELL (x)
REED SMITH
BY: STEVEN BORANIAN (X)
SUSSON & PARRETT
BY: MAXINE MORISAKI (X)

* * * * * * * * * * * * * * * * * * * * * * * * *

1) Defendant SmithKline's Motion to Strike Portions of First Amended Consolidated Class Action Complaint is argued and taken under submission.
2) Defendant Bayer's Motion to Compel Plaintiff Fact Sheets is granted as to ten cases listed in the Order, which is signed and filed this date as modified.



MINUTES ENTERED
05/30/03
COUNTY CLERK

E-SERVED 06/02/2003 10:14 PM EDT Served JCCP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/30/03 DEPT. 307

HONORABLE WENDELL MORTIMER, JR. JUDGE G. CAMPBELL DEPUTY CLERK

HONORABLE JUDGE PRO TEM ELECTRONIC RECORDING MONITOR

R. SANCHEZ, C.A. Deputy Sheriff L. BICHE' Reporter

10:01 am JCCP4217

BAYCOL CASES

Coordination Proceeding Special Title (Rule 1550(b))

JCCP4223

Plaintiff Counsel: MARK ROBINSON (X), STEVE SKIKOS (X), ARTHUR SHERMAN (X)

Defendant Counsel: SIDLEY AUSTIN
BY: CATHERINE BARRAD (X)
AND: ANN TURK (X)
AND: B. SNATORELLI (X)

**NATURE OF PROCEEDINGS:**

Various plaintiff's counsel make statement to the Court as to compliance with fact sheets, as reflected in the notes of the official court reporter.
3) Status Conference held. As to Demurrers set for July 25, 2003, Motions are to be filed by June 20, 2003. As to Defendant's Third Motion to Strike, also to be heard July 25, 2003, briefing schedule is as follows: Motions to be filed by June 20; Oppositions by July 2; Replies by July 11. Counsel discuss the Early Settlement Program as regards Groups 1 and 2. Lead defense counsel Catherine Barrad requests, and is granted, permission to post list on Verilaw as to this issue, as reflected in the notes of the official court reporter. Ex Parte Application by Scott and Stoops plaintiffs is filed and taken under submission.

The Court and counsel discuss the status of proposed Case Management Order No. 8. A Further Status Conference re: proposed Case Management Order No. 8 is set for July 11, 2003 at 10:00 a.m. in Department 307. Counsel are to file a proposed Case Management Order No. 8, or their reports on this issue, by July 8, 2003.

Defendant to give notice.

LATER:. Court rules on submitted matter as follows:
1) Civil Code Section 1782(a) requires a 30-day notice before commencement of an action for damages. That was not done here. To allow plaintiffs to later give notice and then amende the complaint would render the



MINUTES ENTERED
05/30/03
COUNTY CLERK

E-SERVED 06/02/2003 10:14 PM EDT BAYCOL JCCP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 05/30/03 | | | DEPT. 307 |
| HONORABLE WENDELL MORTIMER, JR. | JUDGE | G. CAMPBELL | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A. | Deputy Sheriff | L. BICHE' | Reporter |

| | | | |
|---|---|---|---|
| 10:01 am | JCCP4217<br><br>BAYCOL CASES<br><br>Coordination Proceeding Special Title (Rule 1550(b))<br><br>JCCP4223 | Plaintiff Counsel<br><br>Defendant Counsel | MARK ROBINSON (X)<br>STEVE SKIKOS (X)<br>ARTHUR SHERMAN (X)<br><br>SIDLEY AUSTIN<br>BY: CATHERINE BARRAD (X)<br>AND: ANN TURK (X)<br>AND: B. SNATORELLI (X) |

**NATURE OF PROCEEDINGS:**

mandatory notice requirement meaningless. Motion is granted. Paragraph 62 is stricken. In the prayer, paragraph D is stricken as it applies to the third cause of action.
2) Motion granted as revised in the Order signed this date.
3) Ex parte Motion by the Scott and Stoops plaintiffs: The Court finds that said plaintiffs did not comply with the clear requirements of Case Management Order No. 6, Paragraph III. To allow them to circumvent the provisions would work to the detriment of other plaintiffs who did comply. Motion denied.

Notice of this minute order is served electronically by posting on the Verilaw website on date and time as reflected in the facsimile confirmation sheet attached to the original minute order and placed in court file.



MINUTES ENTERED
05/30/03
COUNTY CLERK

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, CA 90013-1010.

On February 24, 2006, I served the foregoing document described as **Request for Judicial Notice** on interested parties in this action through the use of the California Baycol Website maintained by LexisNexis File & Serve. I caused the foregoing document to be transmitted to LexisNexis, Inc. for electronic service in the following manner (check one box):

☒ I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the instructions on that website. [If the document is provided to LexisNexis File & Serve electronically by 11:00 p.m., then the document will be deemed served on the date that it was provided to LexisNexis.]

☐ I provided the document(s) listed above by facsimile transmission to LexisNexis pursuant to the instructions on the LexisNexis File & Serve website and using the facsimile cover page generated through the system website for this document. [*The document will be deemed served on the earlier of (i) the date the electronic message from LexisNexis File & Serve indicating that the document has been served; or (ii) one day after facsimile to LexisNexis File & Serve as attested to in this proof of service.*]

☐ I provided the document(s) listed above on the date shown above to an overnight delivery service for delivery the next day to LexisNexis, accompanied by the cover sheet generated by the LexisNexis File & Serve website pursuant to the instructions for providing documents by hard copy. [*The document will be deemed served on the earlier of (i) the date the electronic message from LexisNexis File & Serve indicating that the document has been served; or (ii) one day after delivery to the overnight service as attested to in this proof of service.*] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2006 at Los Angeles, California.

Eva A. Fitzhugh

Eva A. Fitzhugh