**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

**IN RE: BAYCOL PRODUCTS LIABILITY MDL No. 1431 (MJD/JGL)**

THIS DOCUMENT RELATES TO THE FOLLOWING ACTION:

*Kofsky v. Bayer Corporation, et. al.* (Case No.: 02-0141 MJD)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Plaintiff hereby moves this Court for a stay of all proceedings in the above-captioned action (including the Defendants' Motion to Deny Class Certification and Enter Judgment Against Plaintiffs (filed December 3, 2007)) until the resolution of Defendant Bayer Corporation's Motion for Discovery Sanctions, filed November 9, 2006 and seeking dismissal of this action ("MTD") and the interlocutory appeal certified by this Court on September 17, 2007. *See In re Baycol Products Litigation*, MDL No. 1431, Order Certifying Ruling For Interlocutory Appeal Pursuant to 28 U.S.S. §1292(b) (D. Minn. Sept. 17, 2007) ("Interlocutory Appeal" or "Interlocutory Appeal Order").

For the reasons stated herein, such a stay would be the most reasonable and effective way of proceeding with this action, as both the MTD and the Interlocutory Appeal have the possibility of significantly affecting the course of this Action. In the event the Court denies the present motion, Plaintiff hereby

requests leave to file their opposition to Defendants' Motion to Deny Class Certification and Enter Judgment Against Plaintiffs ("Defendants' Class Motion") 21 days after entry of the order of denial.

**BACKGROUND**

This action is a consumer-based class action lawsuit seeking recovery on behalf of Plaintiff and all other persons similarly situated in the State of California[1] who purchased and/or used the prescription drug Baycol from January 1, 1997 to August 8, 2001. Plaintiff's Complaint alleges violations of (1) California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*.), (2) California's unfair competition statute (Bus. & Prof. Code §§ 17200 *et seq.*), and (3) California's unfair advertising statute (Bus & Prof. Code §§ 17500 *et seq*.); as well as common law claims of (4) breach of implied warranty, (5) fraudulent concealment, and (6) medical monitoring. Each claim arose from statements and advertisements made by Bayer with respect to the safety and efficacy of its recalled prescription drug, Baycol, and from Bayer's failure to disclose certain Baycol-related health risks. This case was originally filed in the Superior Court of the State of California, County of San Diego, along with a companion case (*Elich v. Bayer Corporation et al*). Both cases were removed to the United States District

[1] While Plaintiff's Complaint seeks relief on behalf of a nationwide class, based on intervening law and facts, Plaintiff would now only seek certification of a class limited to residents of the state of California. Moreover, Plaintiff would not seek certification under all causes of action plead.

Court for the Southern District of California and thereafter transferred into MDL 1431.

Following removal, the *Kofsky* action proceeded to discovery--part of which was coordinated with the discovery of the other cases consolidated in the *Baycol* MDL. The MTD and the Interlocutory Appeal – both stemming from events arising in the course of discovery – have the potential to significantly affect the further proceedings in this case.

As set forth in the MTD briefing, the MTD was filed during scheduling negotiations concerning the deposition of Plaintiff's case-specific expert, Dr. Michael Maywood. In the midst of those negotiations, Defendants filed the MTD, the basis of which was Plaintiff's purported refusal to produce Dr. Maywood for his deposition. After the MTD was filed, Plaintiff proffered seven separate dates for Dr. Maywood's deposition. However, Defendants refused to accept any of them, opting instead to withdraw from scheduling negotiations. Defendants set forth their excuse for this unilateral disengagement in an email dated November 21, 2006 asserting they did "not see any reasons to depose [Dr. Maywood] unless the judge denies the motion." *See Plaintiff, Loren Kofsky's, Memorandum of Points and Authorities in Opposition to Defendant Bayer Corporation's Motion for Discovery Sanctions* at 8 (filed December 1, 2006). As such, the deposition of Dr. Maywood has still not taken place.

Regarding the interlocutory appeal, on July 9, 2007, this Court issued a ruling granting in part and denying in part the parties' motions to exclude testimony by various designated expert witnesses from the various consolidated cases. *In re Baycol Litigation*, MDL No. 1431, Memorandum Opinion and Order (D. Minn. July 9, 2007). Following an unopposed motion by certain of the consolidated plaintiffs, this Court certified its ruling for appeal on September 17, 2007, noting in part that "the purposes of this multi-district litigation would be served by immediate appellate review of the Order by the United States Court of Appeals for the Eighth Circuit." *See* Interlocutory Appeal Order at 1. That Appeal is currently pending before the 8th Circuit Court of Appeals.

**ARGUMENT**

## I. STANDARDS OF LAW ON A MOTION TO STAY

This "Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants." *Home Owners Mgmt. Serv. v. ProHome Intern*, No. 04-2905, 2004 WL 2697269, at *6 (D. Minn. Nov. 22, 2004) (quoting *Landis v. North Am.. Co.*, 299 U.S. 248, 254 (1936)). "In determining whether a stay is appropriate, courts consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the

issues in question; and (3) whether discovery is complete and whether a trial date has been set." *VData v. Aetna, Inc.*, No. 06-1701, 2006 WL 3392889, at *5 (D.Minn. Nov. 21, 2006). All three factors militate in favor of a stay requested here and, accordingly, the present Motion should be granted. *See Card Tech. Corp. v. DataCard Corp*., No. 05-2546, 2007 WL 2156320, at *3 (D.Minn. July 23, 2007) ("[C]ourts 'routinely' grant such stays where the circumstances warrant.") (quotations omitted).

## II. THIS COURT SHOULD STAY ALL PROCEEDINGS IN THE *KOFSKY* ACTION

### a. A Stay Will Neither Unduly Prejudice Defendants Nor Present Defendants With A Clear Tactical Disadvantage.

The temporary stay requested here will create no undue prejudice for Defendants, nor will it tactically disadvantage Defendants in any way. Indeed, quite the opposite is true – by granting the present Motion, this Court will ensure that both Plaintiff and Defendants will not expend unnecessary effort and incur unnecessary expenses. *See Vdata*, 2006 WL 3392889, at *7 ("Not only does a stay have the potential to narrow or dispatch claims altogether, it also may minimize the attendant financial costs of litigation to the parties and the courts.")

While a stay would, of course, interrupt these proceedings, this does not warrant denial of the present Motion. Rather, that interruption would have to somehow prejudice Defendants. *See Card Tech.*, 2007 WL 2156320, at *6

("Although a stay by definition involves delay, not all delay is necessarily unduly prejudicial and here any cost of the delay is likely offset by the gains to be achieved" by a stay). It would not do so – Defendants can point to no undue prejudice or tactical disadvantage they would suffer if the stay is granted for discovery to mature and develop, and this factor accordingly militates in favor of a stay.

**b. <u>A Stay Will Simplify the Issues in Question and Promote Judicial Economy.</u>**

Temporarily staying proceedings in the *Kofsky* action pending resolution of the Motion to Dismiss and the Interlocutory Appeal would undoubtedly simplify the issues in question in this litigation.

As for the Motion to Dismiss, "[g]ranting a stay [until the Motion to Dismiss is decided] will promote judicial economy by 'maximiz[ing] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" *3M Innovative Prop. Co. v. Dupont Dow Elastomers LLC*, No. 03-3364, 2005 WL 2216317, at *2 (D.Minn. Sept. 8, 2005) (quoting *Softview Computer Prods. Corp. v. Haworth, Inc*., 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y.2000)). If this Court denies the MTD – as it should – the case can then proceed to class certification and summary judgment briefing and to trial (at which time consideration of Defendant's Motion would be both efficient and warranted). However, if the

Court grants the MTD, Plaintiff and Defendants would then move into the appeals process, and the considerable time and effort that would go into a full round of briefing on Defendants' Class Motion and any other subsequent motions would be wasted. This would serve the interests of no one, and this Court should accordingly grant the present Motion to ensure maximum efficiency. *Cf. Vdata*, 2006 WL 3392889, at *6 (finding patent case should be stayed during PTO reexamination of patents because reexamination could "potentially eliminate this case" or "result in a clarification of the . . . issues for trial.").

Similarly, staying this action until the Interlocutory Appeal is resolved will "narrow and clarify trial issues." *3M*, 2005 WL 2216317, at *2. A uniform and final ruling on the admissibility of the expert reports that are the subject of that Appeal will assist Plaintiff's efforts at determining which claims are best suited for class certification and eventual trial in California; this can only have the effect of simplifying the further proceedings in this case. Indeed, Defendants have affirmatively argued that "[i]ssues about the admissibility of expert testimony addressed in the [Interlocutory Appeal] will be relevant to numerous cases transferred to this MDL from transferor courts located in circuits throughout the country" and that "[i]mmediate appellate resolution of these issues by the Eighth Circuit before individual cases are remanded to their respective district court [will] 'promote the just and efficient conduct of such actions.'" *In re Baycol Prod. Liab.*

*Litig.*, MDL No. 1431, Defendants' Response to Plaintiffs' Motion for Certification of Interlocutory Appeal (D. Minn. Sept. 7, 2007) (quotations omitted). As such, it seems beyond dispute that staying this action pending resolution of the Interlocutory Appeal would narrow the issues in question in this litigation.

As such, the second prong of the test is satisfied, further weighing in favor of a stay.

**c. <u>Discovery Is Not Yet Complete</u>**

Given that discovery is incomplete, a stay will not create an unnecessary delay. Occasionally, courts deny stays because discovery is complete and the case "is scheduled for trial shortly." *Card Tech.*, 2007 WL 2156320, at *3.[2] This issue is not present here. As a result of Defendants' unilateral disengagement from scheduling negotiations and later filing of the MTD, depositions in this case remain to be taken and discovery is accordingly incomplete. Tellingly, Defendants' Class Motion affirmatively argues that Dr. Maywood's testimony – which Defendants now refuse to take – is germane to the issues in that Motion. *See Defendants' Class Motion* at 20-21 (arguing fact that "plaintiff did not . . . present Dr. Maywood to testify" militates in favor of dismissal). Moreover, so long as the Interlocutory Appeal is pending, key evidentiary rulings will remain unsettled; the

[2] Given that no trial date has yet been set in this action, a stay will not delay a pending trial.

ultimate resolution of those rulings will impact the pretrial preparation of the parties. Finally, case-specific expert testimony, as well as the MDL expert testimony, can play a meaningful role in this Court's analysis of FRCP 23 as it applies to *Kofsky* under California law.

The incomplete nature of discovery in this case means that staying this case pending resolution of the MTD and the Interlocutory Appeal is warranted so that all outstanding issues can be resolved before discovery is complete and a trial date is set.[3] Indeed, courts have granted stays even when discovery was wholly complete and the case was on the eve of trial. *See 3M*, 2005 WL 2216317, at *3 (granting stay after completion of discovery and noting "any wasted trial preparation expenses incurred by staying this matter will be insignificant compared to the amount of money saved" by a stay.). Here, there can be no doubt that staying these proceedings will prevent the parties from expending significant time on efforts that may well prove irrelevant, and this Court should accordingly order such a stay.

## CONCLUSION

For the reasons stated herein, this Court should order these proceedings stayed pending resolution of the MTD and the Interlocutory Appeal.

---

[3] The fact that ***some*** discovery has taken place is of no moment – "'although the denial of a stay can have no effect whatsoever on past events, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" *Vdata*, 2006 WL 3392889, at *7 (quoting *Softview Computer*, 56 U.S.P.Q.2d at 1636).

Dated: December 21, 2007

Respectfully submitted,

/s/ *Tracy D. Rezvani*________

Tracy D. Rezvani
FINKELSTEIN THOMPSON LLP
The Duvall Foundry
1050 30th Street, N.W.
Washington, D.C. 20007
Phone: 202-337-8000
Facsimile: 202-337-8090

James P. Frantz
Frantz Law Group LLP
600 West Broadway, 12th Floor
San Diego, CA 92101

Patrick N. Keegan
Keegan, Macaluso & Baker
4370 La Jolla Village Drive
San Diego, CA 92122

Jeffrey Estes
ESTES & ASSOCIATES
510 West Broadway, Suite 1700
sSan Diego, CA 92101