UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*In re BAYCOL PRODUCTS LITIGATION* MDL NO. 1431 (MJD/SRN)

**REPORT AND RECOMMENDATION**

This Document Relates to:
*Loren Kofsky v. Bayer Corp., et al.* Case No. 02-0141

---

Sean Foldenauer, Esq. on behalf of Plaintiff Loren Kofsky

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Loren Kofsky (Doc. No. 28). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rule of Civil Procedure 37(b)(2) for Plaintiff Loren Kofsky's failure to produce his case-specific expert, Dr. Michael Maywood, for deposition. PTO 149 mandated that the depositions of case-specific expert witnesses for Phase I plaintiffs were to be completed by September 29, 2006. Bayer originally noticed the deposition of Dr. Maywood for September 26, 2006. On September 21, 2006, Plaintiff's counsel asked that the deposition be postponed one week to accommodate his pre-planned vacation. Bayer's counsel agreed, with the understanding that the deposition would occur after the September 29,

2006 deadline. Bayer also proposed several dates in early October 2006.

Plaintiff's counsel did not respond to Bayer's proposal. Thus, on October 4, 2006, Bayer served an amended deposition notice for Dr. Maywood for October 13, 2006. In the interim, Bayer attempted to confirm the date as well as determine if Dr. Maywood would testify in the capacity of an expert or merely a medical provider. Plaintiff's counsel did not confirm either the date or Dr. Maywood's capacity. Consequently, in a letter dated October 10, 2006, Bayer canceled the October 13, 2006 deposition. Bayer also warned Plaintiff's counsel that it would bring a motion to dismiss for failure to comply with PTO 149 unless Plaintiff provided dates certain for Dr. Maywood's deposition by October 17, 2006. On October 16, 2007, Plaintiff's counsel responded to Bayer regarding the scope of Dr. Maywood's testimony, but he did not provide any alternative dates for the deposition. Bayer followed up the next day by proposing several possible deposition dates in early November and then noticed the deposition for November 6, 2006. Although Plaintiff's counsel initially confirmed this date, he later advised Bayer that Dr. Maywood could not appear on that date because Dr. Maywood needed additional time to locate and review Plaintiff's medical records, which were stored at an off-site facility. Bayer filed the instant motion on November 9, 2006. On November 15, 2006, Plaintiff told Bayer that Dr. Maywood would be available for a deposition on December 1, 2006. On November 21, 2006, however, Bayer told Plaintiff that there was no need to depose Dr. Maywood given the pending motion to dismiss.

## II. DISCUSSION

Bayer argues that Plaintiff has willfully violated PTO 149's mandate that all depositions of case-specific experts were to occur by September 29, 2006. In addition, Bayer contends that

Plaintiff has violated Federal Rule of Civil Procedure 37(b)(2)(C), which permits the sanction of dismissal if a party fails to comply with a discovery order. Plaintiff responds that he has fully participated in all aspects of the discovery process and that it was Bayer's practice of unilaterally noticing depositions that caused the instant dispute. Plaintiff also notes that the parties agreed to extend the discovery deadline past September 29, 2006, and that Bayer cannot now fault Plaintiff for noncompliance. Lastly, Plaintiff asserts that dismissing his case with prejudice is too harsh a sanction for the circumstances at hand.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C). In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted).

In the present case, the Court agrees with Plaintiff that the sanction of dismissal is too

harsh. The parties agreed to extend the period for the case-specific expert deposition, and thus, Plaintiff did not violate, willfully or otherwise, a deadline established by PTO 149. In addition, although Plaintiff's counsel did not always communicate promptly and effectively with Bayer, his conduct could not be characterized as a refusal to produce Dr. Maywood for deposition. Finally, the Court recognizes that Bayer has incurred some prejudice by the inability to take Dr. Maywood's deposition. However, the prejudice is not incurable, and Bayer could have mitigated the prejudice by taking Dr. Maywood's deposition on December 1, 2006, even though it had filed the present motion. Accordingly, the Court finds that dismissal is not appropriate under these circumstances and recommends that Bayer's motion be denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Loren Kofsky (Doc. No. 28) be **DENIED**.

Dated: February 1, 2008

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 18, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.